# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICAH D. STERN,**

    **Petitioner,**

    **v.**                                                  **Case No. 13-CV-1376**

**MICHAEL DITTMANN,**

    **Respondent.**

## CORRECTED[1] DECISION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

Micah D. Stern ("Stern"), a prisoner in Wisconsin custody, was sentenced to ten years of confinement followed by 15 years of extended supervision after a jury convicted him of one count of use of a computer to facilitate a child sex crime, in violation of Wis. Stat. § 948.075(1r). (Docket # 1 at 3.) He filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

In December 2009, Stern posted an ad in the "Men Seeking Men" section of Craiglist. (Ct. App. Decision, 2012AP285-CR, Docket # 14-5 at 2.) On the headline of the ad, Stern posted "Coach Seeking Boy." (Def. Ct. App. Br., Docket # 14-2 at 15.) Stern received a reply from "Peter," who was, in fact, an undercover police investigator posing as a fourteen-year-old boy. (Docket # 14-5 at 2.) Stern and "Peter" exchanged a series of emails and communicated over Myspace. (*Id.*) In the

---

[1] This order is the same as the order issued on April 10, 2015 with the statement of where Stern met "Peter" corrected.

course of these correspondences, "Peter" informed Stern several times that he was underage. (State Ct. App. Br., Docket # 14-3 at 8-9.) Ultimately, they arranged to meet in person at a local McDonald's. (*Id.* at 9.) Stern was arrested shortly after arriving at McDonald's. (*Id.*) After his arrest, police searched Stern's car and found a box of unopened condoms and sexual lubricant. (*Id.*)

Stern was charged with use of a computer to facilitate a child sex crime under Wis. Stat. § 948.075. (*Id.*) At trial, Stern's defense was that he knew "Peter" was an adult and did not expect to meet a minor at McDonald's. (Docket # 14-5 at 2; Docket # 14-2 at 15-16.) Stern testified that he believed "Peter" was really another adult ("Chris" or "Wauk319") with whom he had an online confrontation the day he posted the Craigslist ad. (Docket # 14-2 at 16.) Stern stated he believed this was whom he was going to meet at McDonald's, not an underage boy. (*Id.*) Regarding "Peter," Stern pointed out, among other things, that the chat language seemed "contrived" and that the photographs "Peter" provided looked dated. (Docket # 14-2 at 15-16.) Stern also presented an expert who testified that the ad's "Coach Seeking Boy" headline reflected that many homosexual couples assume roles where one partner takes on a dominant role and the other takes on a submissive role. (*Id.* at 16.) The jury convicted Stern. (Docket # 14-5 at 2.)

Following his conviction, Stern filed a postconviction motion, which the circuit court denied. (*Id.*) Stern appealed. (*Id.*) Relevant here, he argued that the jury instruction permits a finding of guilt without proof of all of the statutory elements because it permitted his conviction upon a "reason to believe" (rather than "actual belief") that "Peter" was not sixteen. (*Id.* at 2-3.) Additionally, he argued that Wis. Stat. § 948.075(1r) is unconstitutionally vague. (*Id.*) Finally, he challenged the statute, construed as it was by the trial court and court of appeals, on the basis that it stifles his right to consensual adult sexual privacy. (*Id.* at 6.)

The court of appeals found that the statute did not "require proof beyond a reasonable doubt that the defendant actually believed the target individual was underage because he or she must intend to violate a statute criminalizing certain sexual offenses against children," as Stern argued. (*Id.* at 3.) The court of appeals found that the statute is plain, and "[i]t is violated when the actor either believes or has reason to believe the individual is underage." (*Id.* at 4.) The court further explained that Stern's construction "would require reading 'has reason to believe' out of the statute" and was therefore unreasonable. (*Id.*) It therefore held that the jury instructions were not defective and did not prevent the real controversy from being fully tried. (*Id.*)

Turning to Stern's argument that § 948.075(1r) is unconstitutionally vague, the court of appeals found that, given Stern's communications with "Peter," he could not "credibly maintain that he could not tell that his conduct at least approached the proscriptions of the statute." (*Id.* at 5.) Finally, the court of appeals held that the statute, as it construed it, did not infringe on Stern's right to consensual adult sexual privacy. Specifically, it held that Stern's "argument nullifies the 'reason to believe' language" and that Stern had "not demonstrated beyond a reasonable doubt that the statute is unconstitutional." (*Id.*)

Stern then filed a petition for review with the Wisconsin Supreme Court (Docket # 14-6), which was denied (Docket # 14-8). Subsequently, Stern filed the present petition for a writ of habeas corpus.

**ANALYSIS**

Federal law provides that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States." Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(a). Under AEDPA, when a state court decides a case on the merits, a federal court can grant a writ of habeas corpus only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Promoter v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010); 28 U.S.C. § 2254(d). In this case, Stern raises three grounds for habeas relief. First, Stern argues that the court of appeals' interpretation of Wis. Stat. § 948.075(1r) resulted in the removal of elements and that its retroactive application to him denied him due process, rendered the statute unconstitutionally vague, and denied him notice. Second, he argues that criminalizing communications with someone the defendant correctly believes to be an adult violates a defendant's right to sexual privacy. Third, Stern argues that the jury instructions did not require the jury to find all constitutionally required facts beyond a reasonable doubt.[2]

   *1.   The Statute*

Stern was convicted of violating Wis. Stat. § 948.075(1r), which provides as follows:

> Whoever uses a computerized communication system to communicate with an individual who the actor believes or has reason to believe has not attained the age of 16 years with intent to have sexual contact or sexual intercourse with the individual in violation of [Wis. Stat. §] 948.02(1) or (2) is guilty of a Class C felony.

Before the Wisconsin Court of Appeals, Stern argued that the jury instruction permitted his conviction upon a mere "reason to believe" that "Peter" was not yet 16-years-old. He further argued

---

[2] Stern makes a fourth argument, that his counsel was ineffective for failing to object to the jury instructions, but states that the argument is likely moot and thus did not brief the issue. (*See* Docket # 15 at 9.)

that the jury instruction was defective because the intent portion of Wis. Stat. § 948.075(1r) requires proof beyond a reasonable doubt that the defendant actually believed the target individual was underage because he must intend "to have sexual contact or sexual intercourse with the individual in violation of [Wis. Stat. §] 948.02(1) or (2)."[3] The Wisconsin Court of Appeals rejected Stern's argument that the jury instruction (and in turn, the statute) was "defective . . . because the 'intent portion' of [Wis. Stat.] § 948.075(1r) requires proof beyond a reasonable doubt that the defendant *actually* believed the target individual was underage because he or she must intend to violate a statute criminalizing certain sexual offenses against children." (Docket # 14-5 at 3.) The court explained that when a statute is clear and unambiguous, further inquiry into its meaning is not needed and found that § 948.075(1r) is plain and "is violated when the actor either believes or has reason to believe the individual is underage." (*Id.* at 3-4.) It found that following Stern's construction "would require reading 'has reason to believe' out of the statute"—against the principles of statutory interpretation. (*Id.* at 4.)

Generally, "[s]tate courts are the ultimate expositors of their own states' laws," and on habeas review, a federal court is "bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances . . . ." *Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987) (internal quotations and citation omitted). Indeed, federal habeas relief does not generally lie for errors of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Where, however, violation of a state law results in fundamental unfairness and consequently violates a petitioner's constitutional rights, habeas review is appropriate. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 71-72 (1991). Where the violation of a state law does not result in fundamental unfairness and the violation of a constitutional

---

[3] Wis. Stat. §§ 948.02(1) and (2) criminalize sexual assault of a child. Neither subsection has a *mens rea* requirement as they are strict liability offenses.

right, the claim is not cognizable on habeas review, which is to say that the petitioner's claim "presents no federal issue at all." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (internal quotations and citation omitted). Thus, in this case, for federal habeas review, the question is not whether the court of appeals correctly interpreted its own state statute; rather, my inquiry is whether the court of appeals' interpretation resulted in a violation of Stern's federal constitutional rights. To invoke federal habeas review, Stern argues that the court's interpretation was not forseeable, was unconstitutionally vague, violated his right to notice, and therefore violated Due Process. I disagree.

As noted earlier, § 948.075(1r) criminalizes the use of a computer to communicate with an individual "who the actor believes or has reason to believe has not attained the age of 16 years with intent to have sexual contact or sexual intercourse with the individual in violation of s. 948.02(1) or (2)." Wis. Stat. §§ 948.02(1) and (2) criminalize sexual assault of a child. Stern argues that § 948.075(1r) has two separate *mens rea* requirements. The first is that the actor "believes or has reason to believe" that the individual with whom he is communicating is not yet 16-years-old. Stern agrees that this requirement allows either actual belief or "reason to believe" that the victim is a child.

The second *mens rea* requirement, according to Stern, comes from the statutory language requiring one to act "with intent to" have sexual contact in violation of §§ 948.02(1) and (2). Stern acknowledges that violation of §§ 948.02(1) and (2) does not require knowledge of the victim's minority. Stern argues, however, that because § 948.075(1r) requires that one act "with intent to" have "sexual contact or sexual intercourse in violation of 948.01(1) or (2)," and because "with intent to" is defined as having "a purpose to do the thing or cause the result specified, or is aware that his or her conduct is practically certain to cause that result," Wis. Stat. § 939.23(4), one cannot act with the purpose to sexually assault a child unless the person actually believed that the victim was in fact

- 6 -

a child. Thus, Stern argues that this second *mens rea* requirement requires actual knowledge or actual belief of the victim's minority.

Stern argues that the court of appeals, by finding that § 948.075(1r) can be violated when one "has reason to believe" the victim is a minor (as opposed to actual belief of the victim's minority), effectively deleted the second *mens rea* requirement that requires actual belief of the victim's minority. Instead of deleting the second *mens rea*, Stern proposes reconciling the two *mens rea* requirements by stating that the legislative intent was to provide different *mens rea* requirements depending on whether the victim was in fact a child or merely an adult pretending to be a child.

Under Stern's proposal, if the victim is in fact under 16 years of age, then the "reason to believe" *mens rea* requirement is implicated. He argues that knowledge or belief as to age is not required for actual violation of § 948.02(1) or (2) if the person in fact is under 16. Accordingly, it would be sufficient to prove something less than actual belief (i.e., "reason to believe") that they were communicating with a minor for purposes of sexual contact because any sex with that person would violate § 948.02(1) or (2). Thus, the second *mens rea* requirement is satisfied as well because intent to have sex with the child would equal intent to have sex in violation of § 948.02(1) or (2), regardless of the defendant's belief as to age.

Stern then proposes that if the "victim" is actually an adult, then the "actually believe" *mens rea* requirement comes into play. Because §§ 948.02(1) and (2) criminalize sexual assault of a child regardless of the defendant's knowledge of the victim's age, one cannot intend to violate the statute unless the person actually believes that the victim is in fact a child. So, if the actor believes they are communicating with a child for sexual purposes, then they also intend to violate § 948.02(1) or (2), thus meeting both the first and second *mens rea* requirements. Conversely, if the actor does not believe

that he is communicating with a child for sexual purposes, then he cannot intend to violate § 948.02(1) or (2) because he does not intend to have sex with a child.

Stern argues that the court of appeals' interpretation was unforeseeable and allows for the imposition of felony criminal liability upon someone who believed he was communicating with an adult, and who in fact was communicating with an adult. In my view, Stern's proffered construction does not rely on a plain reading of the statute. Indeed, he proposes that the statute be read and interpreted as situational, and his interpretation would require that "reason to believe" be read out of the statute when the "victim" is actually an adult (and not a minor under 16). In short, it is Stern's construction that is unforeseeable—not the court of appeals'.

Additionally, Stern argues that the court of appeals' interpretation was unforeseeable not only because it deleted the "with intent to violate Wis. Stat. §§ 948.02(1) and (2)" language from the statute, but also because, in Stern's opinion, the court of appeals' decision allows someone who correctly believes he is communicating with an individual over 16-years-old to be convicted as long as there was "reason to believe" the individual was younger than 16. (This is also the basis of Stern's argument that the statute violates his constitutionally-protected right to sexual privacy.) This, he argues, is an absurd result and also against the strictures of statutory interpretation.

Stern's proposed scenario is not created by the statute. The statute does not require, as Stern seems to imply, that the government prove that the actor both "believes" *and* "has reason to believe" that they are communicating with a person under the age of 16 years. The statute uses "or." If the government cannot prove beyond a reasonable doubt that the actor actually believed he was communicating with a child (which likely occurs frequently as actual belief is difficult to prove), then the government can try to prove that the actor "had reason to believe" he was communicating with a child. This is more akin to circumstantial evidence regarding the victim's minority.

What Stern is proposing, however, is a situation where a defendant has convinced a jury that he actually believed that the victim was an adult, but somehow because evidence existed that might make an outside observer, such as the police, have reason to believe the victim was a child the defendant could still be convicted. This would not happen. If proof beyond a reasonable doubt existed as to the defendant's actual belief, there would be no need to resort to what the defendant had "reason to believe." Stated differently, if a jury finds that a defendant actually (and correctly) believed the person with whom he was communicating was an adult, it could not find the defendant had reason to believe he was communicating with a minor.

In sum, the court of appeals' interpretation of the statute was not unforeseeable; it did not result in fundamental unfairness by depriving Stern of notice of what conduct the statute prohibits. Stern's proffered interpretation would in fact result in reading out "reason to believe" from the statute, despite his contention to the contrary. The court of appeals' interpretation was based on the plain language of the statute, and Stern's contention that he was not provided notice of the conduct the statute prohibits is untenable and unpersuasive. In the end, the crux of Stern's argument is a disagreement with how the court of appeals interpreted its own state statute, which is beyond the scope of federal habeas review. He has not shown that the court of appeals' interpretation of the statute resulted in a violation of his constitutional Due Process rights. Stern's argument, therefore, fails.

*2. Jury Instruction*

Relatedly, Stern argues that the jury instruction denied him due process because it failed to require proof beyond a reasonable doubt that Stern in fact believed "Peter" was under 16 years old. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re*

*Winship*, 397 U.S. 358, 364 (1970). Here too, Stern has not shown that the court of appeals' rejection of this claim was contrary to or was unreasonable application of federal law. The court of appeals noted that the jury was instructed with language nearly identical to the statute that the State had to prove the offense beyond a reasonable doubt. Specifically, the court noted that the jury was instructed that the State had to prove beyond a reasonable doubt that Stern used a computerized communication system to communicate with an individual; believed or had reason to believe that the individual was under the age of sixteen; used a computerized communication system to communicate with the individual with intent to have sexual contact or intercourse with the individual; and did an act, in addition to using a computerized communication system, to carry out the intent to have sexual contact or intercourse. The court then held that the jury instruction "parallels the statute, and the jury was convinced beyond a reasonable doubt that Stern had reason to believe 'Peter' was fourteen."

Stern argues that those instructions allowed for conviction if the jury found either that Stern believed that "Peter" was under 16 or that Stern had reason to believe that "Peter" was under 16. As discussed above, the statute allows for conviction on either theory. But what is important for Due Process is that either have to be proved beyond a reasonable doubt. Because the jury was instructed that the state had to prove either beyond a reasonable doubt, there is no Due Process violation. Accordingly, this claim also fails.

### 3. *Infringement on Right to Sexual Privacy*

Finally, Stern argues that Wis. Stat. § 984.075(1r) infringes on his constitutional right to consensual adult sexual privacy, as recognized in *Lawrence v. Texas*, 539 U.S. 558 (2003). According to Stern, the statute as interpreted by the court of appeals interferes with adult sexual privacy because it would permit conviction of those who, for purposes of arranging a sexual encounter, communicate with another adult while actually believing that person is an adult. The court of appeals found that

Stern's argument nullified the "reason to believe" language and that he had not demonstrated beyond a reasonable doubt that the statute is unconstitutional.

In *Lawrence,* the Supreme Court held that the criminalization of sexual conduct between same-sex consenting adults violates the personal liberty guarantee of both the Fifth and Fourteenth Amendments. Stern has not shown that the court of appeals' rejection of his adult sexual privacy claim was contrary to or an unreasonable application of *Lawrence* or existing federal law. The statute at issue in *Lawrence* regulated conduct between consenting adults. In this case, the law targets adult conduct with minors or persons whom they have reason to believe are minors. Under the court of appeals' interpretation of the statute (and the plain reading of the statute), the state has two avenues for criminal conviction. First, the state must prove beyond a reasonable doubt that the defendant actually believes that the person is under 16. A defense under this theory of prosecution is that the defendant did not actually believe that the targeted individual was under 16. Under this "actually believed prosecution," Stern's hypothetical is not possible. For if the jury accepted that the defendant actually believed the person with whom he was communicating was an adult, the jury could not convict the defendant for violating the statute.

Alternatively, the state must prove that defendant had reason to believe that the targeted individual was under 16. To counter this theory of prosecution, a defendant can also present evidence that there was no reason to believe that the individual was under age. Under this "reason to believe" prosecution, Stern's hypothetical that a defendant can be convicted for communicating with an adult while actually believing that person is an adult is also not possible. This is so because criminal liability arises not because the target was in actuality an adult pretending to be a minor, but because the

defendant believed or had reason to believe that the targeted individual was a minor. In other words, the statute does not prohibit two consenting adults role-playing.

In this case, the prosecution presented the following facts to the jury: Stern posted an ad in the "Men Seeking Men" section of Craiglist with the headline, "Coach Seeking Boy." He received a response from "Peter," who was, in fact, an undercover law enforcement officer. During the course of their communications via email and Myspace, "Peter" indicated on several occasions that he was underage. Stern agreed to meet "Peter" at a local McDonald's. Following his arrest shortly thereafter, Stern's car was searched, and the police found condoms and sexual lubricant.

Stern's defense was that he knew that "Peter" was an adult pretending to be underage. Specifically, Stern testified that he thought the pictures "Peter" provided were outdated and that "Peter's" language seemed contrived. He also testified that he believed "Peter" to be an adult with whom he had an online confrontation the day he posted the ad and that was who he was meeting at McDonald's. Finally, Stern also presented an expert who testified that it was common for homosexual couples to assume dominant and submissive roles, and that "Coach Seeking Boy" reflected these assumed roles rather than a desire to engage a minor.

Stern's defense, if believed by the jury, would negate either "actually believed" or "reason to believe." But the jury, as was its right, rejected Stern's defense. Stern's conviction, however, does not mean that the statute authorizes prosecution or conviction of an adult communicating with another adult whom he actually believes to be an adult or plainly adult role-playing. It simply means that on the evidence presented at trial in Stern's particular case, the jury rejected the defense's version of events. Stern has therefore failed to show that the court of appeals' rejection of his right to sexual privacy argument was contrary to or unreasonable application of federal law.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

In this case, reasonable jurists would not find the decision to deny Stern's due process challenge to the statute and jury instructions debatable or wrong. It is not debatable that Stern failed to overcome the deference owed to state courts in construing and interpreting their state's own statutes. It is also not debatable that Stern has not presented a viable argument that the statute infringes on his right to sexual privacy.

For these reasons, I will deny Stern a certificate of appealability. Stern retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**IT IS ALSO ORDERED** that the Clerk of Court restrict viewing of the order issued on April 10, 2015 (Docket # 20) because this order replaces it.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of April, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge