# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICAH D. STERN,**

    **Petitioner,**

  **v.**          Case No. 13-CV-1376

**MICHAEL DITTMANN,**

    **Respondent.**

## ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

The petitioner, Micah D. Stern ("Stern"), filed a petition for a writ of habeas corpus. The petition was fully briefed, and in a decision and order dated April 10, 2015, I denied Stern's petition for a writ of habeas corpus and the case was dismissed. (Docket # 20, 21.) Presently before me is Stern's motion for reconsideration pursuant to Fed. R. Civ. P 59(e) and 60(b). In his motion Stern argues that my decision contained a factual error, that I made three errors of analysis—one regarding the reason to believe standard, one regarding specific intent, and the third regarding Stern's explanation for how the statute should be interpreted—and that he is entitled to a certificate of appealability. For the reasons explained below, Stern's motion is denied as to all of his substantive arguments except that a certificate of appealability shall issue.

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d

246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from judgment based on one of six specific grounds outlined in the rule. Motions under Rule 60(b) "must be shaped to the specific grounds for modification or reversal listed [in the rule]—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (internal citations omitted). "[I]t is the movant's task to makes [his] contentions clear." *Id.* The six grounds identified in the rule are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not, with reasonable diligence, have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see Deutsch*, 981 F.3d at 302. Stern does not make clear which specific ground he is asserting. Reading his motion in its entirety, I construe it as a motion under Rule 59(e).

I will begin with Stern's argument that the decision should be corrected to address a factual error. I conducted a hearing on this factual issue, and I explained to the parties that the citation in my original decision was to the wrong source. However, the fact Stern objected to was taken directly from the court of appeals' decision, and I directed the parties to the fact stated in the court of appeals' decision. Additionally, because the parties both stated that they did not believe the fact, which was in the court of appeals decision, was supported in the record, I agreed to issue a corrected decision and order omitting that fact. (*See* Docket # 24.) Therefore, this portion of Stern's motion has been addressed.

I now turn to Stern's substantive arguments. At the outset, I note that Stern has not met the high standard for motions for reconsideration; he has not shown that my decision contains a manifest error of law (nor does he present new evidence). As stated above, manifest error is a wholesale disregard, misapplication, or failure to recognize controlling precedent. Stern has not pointed to any controlling precedent that I have ignored, disregarded, or misapplied. One of Stern's arguments, however, warrants discussion.

Stern argues that my decision misunderstands the difference between "reason to believe" and "actual belief" because, according to Stern, my decision presupposes that "reason to believe" is a subjective, rather than objective, inquiry. This is not true. I think I need to restate here what I said about reason to believe. Stern's reading of the statute is simply unrealistic. He supposes that the statute allows someone who had actual knowledge that the person with whom he was communicating was an adult to be convicted under Wis. Stat. § 948.075(1r)—despite convincing the jury he had actual knowledge that the person was an adult—if there is objective evidence he could believe the person was a minor. Stern's proposed hypothetical, and reading of the statute, creates an absurd result. A person who has convinced a jury that he knew the person on the other end of the

- 3 -

communication was another adult would not be convicted because there was also circumstantial evidence that could convince an objective observer that the person with whom the defendant was communicating was a minor. Even if Stern is correct that I misunderstand the statute, what controls is the state court's interpretation of its own state statute, and the court of appeals' interpretation of the statute would not permit such a result, either. *See Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987) ("State courts are the ultimate expositors of their own states' laws," and on habeas review, a federal court is "bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances . . . ." (internal quotations and citation omitted)).

In the end, at the heart of the matter is a well-established principle: habeas relief, which is generally an extraordinary remedy, is available on issues of state law—in this case a state court's interpretation of its own statute—only when a petitioner can meet an exceedingly exacting standard. Habeas review is not intended to correct errors of state law; a petitioner must show that the state court's interpretation of its own statute was fundamentally unfair and resulted in a deprivation of his constitutional rights. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 71-72 (1991). While Stern may disagree with the state court's interpretation of Wis. Stat. § 948.075(1r), he did not and cannot show that he was deprived of his constitutional rights. That is, even assuming *arguendo* that the court of appeals' interpretation of its statute was incorrect, Stern is not entitled to habeas relief because the interpretation did not violate federal law. As I noted in my opinion, Stern had (and took) the opportunity to defend himself against the charge by presenting evidence—including an expert witness—that he knew "Peter" was an adult pretending to be a child. The jury, as was its right, rejected Stern's defense. That Stern's defense was not successful does not mean that the statute itself prevented him from defending himself (or allowed someone who had proved he knew the person

- 4 -

with he was communicating was an adult to be convicted anyway). In short, Stern was convicted because his defense, which is a legitimate, viable defense, was rejected by the jury, not because of the court of appeals' interpretation of the statute (or, for that matter, because of the statute itself).

Finally, Stern also argues that I should reconsider my denial of a certificate of appealability. I previously declined to issue a certificate of appealability on the ground that reasonable jurists would not find the denial of the petition debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted). However, upon reconsideration, I cannot say that the issues raised in Stern's petition are not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (internal citations and quotations omitted). Therefore, I will grant Stern a certificate of appealability.

Though I have granted Stern a certificate of appealability, most of the arguments in Stern's motion for reconsideration are only a restatement of the arguments in his petition. A motion for reconsideration is not the appropriate mechanism for this. As to his arguments not relating to the certificate of appealability, Stern has not shown that my decision, even though he disagrees with it, contains a manifest error of law that requires correcting. Therefore, his motion for reconsideration is granted in part and denied in part.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Motion for Reconsideration (Docket # 22) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ALSO ORDERED** that a certificate of appeability shall issue.

- 5 -

Dated at Milwaukee, Wisconsin this 25th day of June, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 6 -

Case 2:13-cv-01376-NJ   Filed 06/25/15   Page 6 of 6   Document 26